UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.

SHIRLEY MARISABEL GALLARDO, on behalf of herself and others similarly situated, in a collective action,

    Plaintiff,

vs.

SOUTH BROWARD HOSPITAL DISTRICT d/b/a MEMORIAL HEALTHCARE SYSTEM, a Florida corporation,

    Defendant.
_____/

## **COMPLAINT**

Plaintiff, Shirley Marisabel Gallardo ("Gallardo" or "Plaintiff") individually, on her own behalf, and on behalf of all those similarly situated in a collective action, sues Defendant, South Broward Hospital District d/b/a Memorial Healthcare System ("Memorial" or "Defendant" ) and states:

## **GENERAL ALLEGATIONS**

1. This is an action brought by a former employee of Defendant for declaratory judgment, to recover monetary damages in the form of unpaid overtime compensation, as well as an additional amount as liquidated damages, to redress the deprivation of rights secured to Plaintiff and other employees similarly situated by the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA") and for an award of attorneys' and paralegal fees and costs.

## **Jurisdiction**

2. This Court has subject jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), under the Fair Labor Standards Act (the "FLSA").

3. At all times material hereto, Defendant was the employer or former employer of the Plaintiff and is conducting business in this judicial district and is otherwise 'employer' under the FLSA.

4. At all times material hereto, Defendant was and continues to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

5. Upon information and belief, at all times material hereto, Defendant' annual gross revenue exceeded $500,000 per annum.

6. The unlawful employment practices alleged herein occurred and/or were committed within this judicial district.

7. At all times material hereto, Plaintiff is/was a resident of this judicial district, an employee of the Defendant, sui juris and otherwise within the jurisdiction of this Court.

8. The Plaintiff was hired as a non-exempt employee by the Defendant.

9. Plaintiff was employed and treated as a non-exempt Medical Assistant for the Defendant hospital system and, during her employment, Plaintiff, worked in excess of forty (40) hours per work week, but Defendant willfully refused to compensate Plaintiff properly for such work in violation of the FLSA.

10. Plaintiff was forced to work off the clock and not allowed to enter her true hours by her superiors. Records concerning the number of hours Plaintiff was directed to record (even though they were not her true complete hours worked) are presumably in the exclusive possession and sole custody and control of the Defendant, and therefore, Plaintiff is unable to state at this time the exact amount due.

11. Plaintiff, however, will exert diligent efforts to obtain such information by appropriate discovery proceedings, to be taken promptly in this case, including,

but not limited to, from testimony of various co-workers, supervisors, physicians and Directors and along with her own testimony, if required, an amendment to this Complaint will be submitted to set forth an amounts due by the Plaintiff.

## Venue

12. This Court is the appropriate venue based upon the following:

    (a)   The unlawful employment practices alleged herein occurred and/or were committed in the Southern District of Florida and,

    (b)   The Defendant did and continues to operate a company and employs many individuals doing business within the Southern District of Florida.

## Parties

13. Plaintiff was and continues to be a resident of Miami-Dade County, Florida, from where she worked for the Defendant.

14. Defendant is located in and operates its business in the Southern District of Florida in Miami Dade County.

15. Plaintiff was required by Defendant to ***work off the clock*** and is entitled to recover overtime for all work performed. Plaintiff was directed not to clock in before 8:00 AM or clock out after 4:30 PM. Defendant knew and had every reason to know that Plaintiff was working before the punch in time and after the punch out time. Defendant had Plaintiff work off of the clock to avoid incurring the expense of compensating Plaintiff and paying Plaintiff overtime.

16. Plaintiff is owed additional overtime because ***Defendant automatically deducted 30 minutes each workday*** from Plaintiff's recorded time on the incorrect assumption that Plaintiff took a 30-minute bona fide meal break each day even though Plaintiff did not. Most of the time, Plaintiff did not take any

bona fide meal break because, among other reasons, the demands on her time to perform her duties didn't allow or permit her to do so. There was a heavy patient case load and so many patient appointments that she had no such time. Plaintiff also had a myriad of duties that required her to spend significant time working. On the few occasions when she was able to attempt to have a bona fide meal period, she was constantly interrupted with work demands and Plaintiff was not completely relieved of duty. The attempted bona fide meal periods were not of sufficient duration or were constantly interrupted by work and co-workers such that and she is entitled to be compensated for all such time.

17. Defendant knew for a fact that Plaintiff rarely had a bona fide meal period and that, essentially, she ***"worked through lunch"***. On some occasions when Plaintiff informed her supervisor that she had not taken lunch, her supervisor did nothing to inform Memorial's Payroll Department so Plaintiff could be paid for that time. Instead, her supervisor submitted her time to Payroll without indicating Plaintiff had not taken a bona fide meal break. The effect was that Plaintiff received no pay for the 30 minutes deducted from her pay each day for the time she worked. Plaintiff's supervisor made it clear to Plaintiff and others in their office that they should not do anything themselves to indicate they had not taken a bona fide meal break. because, among other reasons, the office, the supervisor, the Plaintiff and the physicians in the office would all get in trouble if their reported hours rose above 40 hours for the week in question and overtime would need to be paid. The supervisor also retaliated against employees who disobeyed her to dissuade them from doing so again in the future.

18. On occasion, Plaintiff was directed to ***travel to and from Boca Raton*** to work out of that office for the day. Plaintiff was expected and required to go to the

4

main office in Aventura before travelling to Boca Raton to collect equipment and supplies to bring them to the Boca office off the clock and return them to the main office and bring them back off the clock after being required to clock out at the end of the day. Plaintiff was not compensated for the time she spent doing this work or travelling between offices.

19. Based on the foregoing and other reasons, notwithstanding the incomplete or non-existent timekeeping Defendant purported to keep of the time Plaintiff spent working, the Defendant did not keep time records of all of the time worked by Plaintiff, or the other people similarly situated working for them, as it was required to do under the FLSA..

20. Defendant did not pay Plaintiff overtime even though she was non-exempt and worked more than 40 hours per week in the weeks she worked for Defendant.

21. Basically, the Defendant attempted to avoid its obligation to pay overtime by knowingly and intentionally forcing Plaintiff to work off the clock and not paying Plaintiff for all hours worked. Issues related to whether the Defendant should have paid Plaintiff overtime for weeks in which she worked more than 40 hours were considered by Defendant and, nevertheless, they followed a practice of denying Plaintiff overtime. Alternatively, Defendant acted with indifference as to whether it was paying Plaintiff for all hours worked and all overtime worked, when it knew or should have known with the exercise of reasonable effort, that Plaintiff was not being paid all to which she was entitled.

22. Plaintiff complained she was not being paid for all of her time and she became the victim of retaliation, in part by being harassed, intimidated, threatened and bullied, and forced to work in an extremely toxic and hostile work environment. Her complaints were ignored in part because the Director of the department and

the office manager (Plaintiff's supervisor) were very close personal friends and the supervisor was insulated from being reported. Plaintiff was made to understand that complaining further and/or up the chain of command would result in her being fired, from job she needed.

23. Plaintiff was marginalized and ultimately was forced to resign with the active involvement of her supervisor and the Director, who told Plaintiff the office was not large big enough for both the Plaintiff and her supervisor and that her supervisor (the Director's very close friend) was no going anywhere.

24. Demands were placed on Plaintiff to resign and to leave the office immediately and the Director even packed up Plaintiff's belongings so that she would leave immediately, all of which constituted a constructive termination. Instead of responding to Plaintiff's complaints about her supervisor, the Director forced Plaintiff out to get rid of her and to thwart any complaints going up the chain of command and implicating the supervisor and the Director.

25. Defendant knowingly and willfully failed to pay Plaintiff and other employees similarly situated their lawfully earned wages and overtime compensation in conformance with the FLSA.

26. Plaintiff earned a performance bonus of approximately $7,000, due to be paid shortly. If it turns out that her constructive termination deprives her of the bonus, it will represent additional damages related to the retaliation she suffered because of her complaining about not being paid for all hours worked including overtime. The payment of the overtime would increase Plaintiff's regular rate and overtime rate and recovery.

27. Defendant knew that Plaintiff's duties and demands placed on her required her to work more than 40 hours per week, that she, in fact, was working more than

40 hours per week, that all of the time she was working was not being tracked by the Defendant, and that the Defendant was not paying Plaintiff overtime for hours worked more than 40 hours per week.

28. Defendant knew, or, exercising reasonable diligence, would have gained knowledge and did gain knowledge that Plaintiff and their other employees similarly situated were not being compensated overtime, at the rate of one and a half times the regular rate for those hours that were worked in excess of forty (40) per week, or otherwise, as required by the FLSA. Defendant knew the amount of time Plaintiff spent performing work or, with the exercise of reasonable care, could have and should have known of the existence of all of the time worked by Plaintiff.

29. Defendant knowingly and willfully operated their business with a policy of not paying overtime compensation to Plaintiff, which was in violation of the FLSA.

30. Defendant knew or should have known they were in violation of the FLSA, sufficiently so as to warrant the extension of the applicable statute of limitations from two to at least three years.

31. Furthermore, the notice employers are required to post to inform employees of their rights under the FLSA was not posted and/or kept current and, therefore, the applicable statute of limitation should be equitably tolled, including, but not limited to, Plaintiff and for others similarly situated who worked more than two years without receiving overtime. See, e.g., Cruz v. Maypa, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("Failure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); Kamens v. Summit Stainless, Inc., 586

F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

32. Defendant have violated Title 29 U.S.C. §206 and/or §207 in that, among other reasons:

   (a)  Plaintiff was not paid overtime to which she was entitled; and

   (b)  Defendant have failed to maintain proper time records as mandated by the FLSA.

33. Other employees similarly situated to Plaintiff were not paid overtime they had earned.

34. Plaintiff has retained Schwarzberg & Associates, P.L. to represent her (and those who join in this collective action) and has agreed to pay the Firm reasonable attorneys' and paralegal fees for its services on all levels.

35. Plaintiff has fulfilled all conditions precedent to the filing of this lawsuit and/or such conditions have been waived.

## COUNT I
## UNPAID OVERTIME COMPENSATION – DECLARATION— VIOLATION of 29 U.S.C. § 207

36. Plaintiff realleges and reavers the General Allegations as if fully set forth herein.

37. During Plaintiff's employment with the Defendant, she worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

38. Plaintiff was entitled to be paid at the rate of time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

39. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

40. Plaintiff failed to keep records of time worked by Plaintiff. Records concerning the actual compensation paid to her are in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case to determine the amount due to her.

41. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

42. Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

43. Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

44. Plaintiff is entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, respectfully requests that judgment be entered in her favor and for all others similarly situated who join in the action against the Defendant jointly and severally:

a. Declaring that Defendant have violated the overtime provisions of 29 U.S.C. § 207;

b. As to Plaintiff and others similarly situated:

   i. Awarding overtime compensation in the amounts to be calculated;

   ii. Awarding liquidated damages in the amounts calculated;

   iii. Declaring that the statute of limitations should be extended to three years and/or that the statute of limitation be tolled;

   iv. Awarding reasonable attorneys' and paralegal fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    v. Awarding post-judgment interest; and

 c. Awarding Plaintiff damages Fees and costs for FLSA retaliation.

 d. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE FOR HERSELF AND ALL OTHERS SIMILARLY SITUATED.**

    SCHWARZBERG & ASSOCIATES
    *Attorneys for Plaintiff and for those who join the anticipated collective action class to be formed*
    2751 South Dixie Highway, Suite 400
    West Palm Beach, FL 33405
    Telephone: (561) 659-3300
    Facsimile: (561) 693-4540

    By: /s/ ***Steven L. Schwarzberg***
    STEVEN L. SCHWARZBERG
    Florida Bar No. 306134
    steve@schwarzberglaw.com
    mail@schwarzberglaw.com